Filed 8/15/23  Vital Building & Enterprises v. Boisvert CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| VITAL BUILDING & ENTERPRISES, INC., et al., <br><br> Plaintiffs and Respondents, <br><br> v. <br><br> RENE BOISVERT, <br><br> Defendant and Appellant. | A165853 <br><br> (Alameda County Super. Ct. No. RG21087720) |

Rene Boisvert, a defendant below, appeals from a judgment confirming an arbitration award in favor of plaintiffs Vital Building & Enterprises, Inc. (Vital Building) and Aaron Vitale (collectively, the Vital parties) and against Boisvert and co-defendant Kaso, LLC, a Wyoming limited liability company, which the court issued after granting the Vital parties' petition to confirm the award.  Boisvert argues reversal is necessary under Code of Civil Procedure section 1286.2 because the court's ruling conflicts with contentions it accepted as true, mostly regarding the arbitrator's purported cognitive deficiencies, in granting Boisvert's post-judgment request for judicial notice two months after he initiated this appeal.

Boisvert's request for judicial notice is of no significance because it was not before the trial court when it granted the Vital parties' petition or issued its judgment.  Further, the court did not and could not have accepted

1

Boisvert's contentions in the request for judicial notice as true. Also, Boisvert fails to support virtually any of his arguments for reversal with sufficient reasoned analysis and citations to legal authority and the record. The arguments made by Boisvert, who represented himself below and again represents himself on appeal, are based on profound misunderstandings of the rules of evidence, civil procedure, and appellate review. They provide no basis for reversal. We affirm.

## I. BACKGROUND

### A. *The Initial Complaint and Proceedings*

In February 2021, the Vital parties filed a complaint against Boisvert and Kaso, LLC in Alameda County Superior Court. At the heart of their complaint were the allegations that Vital Building, a general building contractor whose chief executive officer was Vitale, had entered into certain agreements with Kaso, LLC to construct two residential single-family homes in Oakland, California. Kaso, LLC had breached these agreements by failing to pay Vital Building as required and Boisvert had defrauded the Vital parties, causing them to suffer damages. Also, Kaso, LLC allegedly was Boisvert's insolvent alter ego. They brought four causes of action, for breach of written contract, quantum meruit, fraud, and breach of the implied covenant of good faith and fair dealing.

In March 2021, Boisvert moved to compel arbitration and for dismissal of the Vital parties' complaint.

In April 2021, the Vital parties requested that a default be entered against Kaso, LLC, which the clerk of the court entered.

In May 2021, the trial court, after hearing Boisvert's motion to compel arbitration, ordered the Vital parties to submit their claims against Boisvert

2

and Kaso, LLC to arbitration. The court exercised its discretion to stay the action rather than dismiss it.

The Vital parties submitted the matter to arbitration. On May 2, 2022, the arbitrator issued a 13-page final award (arbitration award). The arbitrator ruled that the Vital parties were entitled to receive from Boisvert and Kaso, LLC, jointly and severally, damages of $501,123.11, attorney fees and costs of $46,713.41, and arbitration costs of $12,188.75, for a total of $560,025.27.

## B. *The Trial Court's Confirming of the Arbitration Award*

In May 2022, the Vital parties petitioned the trial court to confirm the arbitration award.[1] Neither the Vital parties' petition nor Boisvert's written opposition is contained in the record, although the court referred to such documents in its ruling on the petition.

At the June 23, 2022 hearing on the Vital parties' petition, Boisvert asked the court to "toss out" the arbitration award because of "a very large chasm between the facts presented, used, and considered." He asserted, "There's questions regarding the arbitrator's cognitive deficiencies. And those aren't my words, those are his words about himself, his words that he spoke five times, and I'm sure there was more, that I counted during our arbitration. And that's probably the most confirmed fact of the whole legal case we have here is the arbitrator's words about himself." He claimed the arbitrator suffered "symptoms of dementia or Alzheimer's," and that he, Boisvert, had "a 10-year history, both with my mother-in-law and my neighbor, first[-]hand experience of what it's like . . . ." According to Boisvert,

---

[1] The parties argued other motions before the court after the issuance of the arbitration award, but we disregard them as not relevant to this appeal.

3

the arbitrator's symptoms were "apparent in the actions that I recognize through my experience, and again, he spoke of how forgetful he is, and we had to do things expediently because otherwise he would forget, which I believe he has." He argued, "everything assumes that the arbitrator was working on all cylinders here, and he wasn't." He added, "If you go to the Bar Association website, they actually have a link there that talks about lawyers who might be slowly losing it and what to do about it and so forth. So it's not an unsubstantiated or fictitious theory, it's an issue that's prevalent in the industry. And I strongly believe it's part of what we . . . have experienced here over the recent weeks and months and culminating here today."

The court took the Vital parties' petition under submission. By order dated July 7, 2022, it granted the petition, except it ruled the Vital parties were required to seek by separate motion fees and costs that were not included in the arbitration award. The court did not address Boisvert's specific arguments in its order.

On July 14, 2022, the court entered judgment confirming the arbitration award. The judgment is in favor of the Vital parties and against Boisvert and Kaso, LLC, jointly and severally, for the same amounts as those stated in the award.

On August 11, 2022, Boisvert filed a timely notice of appeal from the judgment.

### C. *Boisvert's Post-Judgment Filings in the Trial Court*

After the court entered judgment on July 14, 2022, Boisvert made two additional filings in the trial court. First, on July 18, 2022, he filed a motion for reconsideration of the court's order granting the Vital parties' petition and an accompanying declaration. Boisvert did not seek to extend the time in which he was required to file his notice of appeal.

4

Second, on August 3, 2022, Boisvert filed a request for judicial notice, which he did not associate with any other filing. In it, Boisvert requested the trial court take notice of a mix of factual contentions and documents, including court filings and records. He did not file a declaration under oath regarding his factual contentions or document references, and did not attach any documents to his request. Among his unsworn factual contentions was that five times in the arbitration, the arbitrator "admitted *in his own words—'that we must hurry up with the arbitration proceedings <u>before I forget the facts.</u>'*" (Emphasis in the original.) Boisvert contended that he had "testified" to this at the hearing on the Vital parties' petition, and that no one contested or disputed his testimony.

In his request, Boisvert also asserted, citing certain findings in the arbitration award, that the contracts involved in the dispute were signed by Kaso, LLC and Vital Building, that Kaso, LLC had falsely asserted in the arbitration that it had completed 95 percent of construction for one of the projects, and without citing anything, that Kaso, LLC and "MGJV LLC" (which he contends owned one of the construction projects) were two unrelated entities. He also asserted that the trial court filed its final judgment before time had expired for the parties to file objections to the court's proposed judgment under California Rules of Court, rule 3.1590(j).

On October 4, 2022, the trial court issued an order denying Boisvert's motion for reconsideration because Boisvert's filing of his notice of appeal divested the court of jurisdiction to grant the motion and because a final judgment had been entered in the matter, precluding the court from reconsidering its order under Code of Civil Procedure section 1008. In its order, the court also stated, "[Boisvert's] request for judicial notice is GRANTED as to the filing[s] and records of this court."

5

**D.** *The Vital Parties' Motion in This Court*

During the pendency of this appeal, the Vital parties moved to substitute Eugene Kim as a party in the appeal "to avoid any potential issues related to standing to file" a respondents' brief. The Vital parties asserted, with the support of declarations and documentation, that they had assigned the judgment to Kim for collection purposes. However, the Vital parties filed their respondents' brief before this court could rule on their motion, and no standing issues were raised regarding the respondents' brief. Therefore, we dismiss the motion as moot.

## II. DISCUSSION

**A.** *Standard of Review*

Our colleagues in the Second District Court of Appeal recently provided a concise summary of the applicable standard of review here.

"In general, judicial review of an arbitration award is extremely limited. As the California Supreme Court explained in *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1 (*Moncharsh*), 'an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties.' (*Id.* at p. 6.) This is because parties who enter into arbitration agreements are presumed to know the arbitrator's decision will be final and binding; 'arbitral finality is a core component of the parties' agreement to submit to arbitration.' (*Id.* at p. 10.) Courts do not review the validity of an arbitrator's reasoning, and, while Code of Civil Procedure sections 1286.2 and 1286.6 set forth grounds for vacating or correcting an arbitration award, ' "[a]n error of law is not one of those grounds." [Citation.]' (*Moncharsh*, at p. 14; see *id.* at p. 11.)

6

"Under Code of Civil Procedure section 1286.2, a court may vacate an arbitration award if the 'rights of the party were substantially prejudiced . . . by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of [the California Arbitration Act].' (Code Civ. Proc., § 1286.2, subd. (a)(5).). . . .

"To determine whether an arbitration award should be vacated under Code of Civil Procedure section 1286.2, we review the trial court's decision de novo. (*Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443–444.)" (*Bacall v. Shumway* (2021) 61 Cal.App.5th 950, 957.)

### B. *Boisvert's Arguments*

Boisvert has represented himself in the proceedings below and in this appeal. Nonetheless, we must assess his arguments as we would those made by legal counsel. "Pro. per. litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) "Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation. . . . A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

Virtually all of Boisvert's arguments for reversal are based on his contention that the arbitration award is in conflict with the trial court's granting of his request for judicial notice, since the court purportedly took notice of the following: "(1) [the] Arbitrator's cognitive deficiencies; (2) documents were signed by an LLC or corporation; (3) Plaintiff falsely claimed a level of completion; (4) KASO LLC & MGJV LLC are unrelated entities; [and] (5) [the] trial court violated time to file Motion for

7

Reconsideration and prematurely signed Judgment." Given this supposed conflict, Boisvert argues the trial court should have denied the Vital parties' petition and ordered that a new arbitration take place under various subdivisions of Code of Civil Procedure section 1286.2, such as subdivisions (a)(2), (a)(3), and (a)(5), and Code of Civil Procedure section 1281.9.[2,3]

### 1. The Arbitrator's Purported Cognitive Deficiencies

Boisvert primarily argues that the trial court accepted his undisputed evidence of the arbitrator's cognitive deficiencies and, therefore, should have

---

[2] The provisions in Code of Civil Procedure section 1286.2 provide that the court shall vacate an arbitration award if it determines that "[t]here was corruption in any of the arbitrators" (§ 1286.2, subd. (a)(2)); "[t]he rights of the party were substantially prejudiced by misconduct of a neutral arbitrator" (§ 1286.2, subd. (a)(3)); or "[t]he rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title" (§ 1286.2, subd. (a)(5)). Code of Civil Procedure section 1281.9 governs disclosures that must be made by a proposed neutral arbitrator that "could cause a person aware of the facts to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial." (Code Civ. Proc., § 1281.9, subd. (a).)

In his reply brief, Boisvert for the first time cites as legal support the "Arbitrator's fraud or mistake per **CCP 338**" and Code of Civil Procedure section 1286.2, subdivision (a)(4) (court shall vacate the award if it determines "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted"). We disregard these arguments as tardily made. (*Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 592 ["reply arguments are forfeited as tardy, because appellants must give the other side fair notice and an opportunity to respond"].)

[3] Given the incompleteness of the record, it is unclear what legal authority, if any, Boisvert relied on below in opposing the Vital parties' petition. Because the Vital parties do not argue forfeiture on this ground, we do not further consider the issue.

rejected the Vital parties' petition. Specifically, he contends the court's grant of his request for judicial notice in October 2022, two months after the court's entry of judgment and his initiation of this appeal, accepted as true his evidence of the arbitrator's deficiencies and, therefore, required the court to relieve him of the burden of an unjust arbitration award. This argument is incorrect for multiple reasons.

First, even before we turn to the nature of the court's ruling on his request for judicial notice, we must point out that Boisvert's request was never considered by the trial court before it issued its judgment and Boisvert initiated this appeal. The trial court held its hearing regarding the petition on June 3, 2022, issued an order granting the petition dated July 7, 2022, and entered judgment on July 14, 2022, and Boisvert filed his notice of appeal on August 11, 2022. The trial court did not rule on Boisvert's request for judicial notice until October 4, 2022, along with denying his motion for reconsideration; and indeed, he did not even file his request until August 3, 2022, after the court's entry of judgment. In other words, Boisvert's appeal is primarily based on a court ruling that was not a part of the matter from which he appeals and was not issued until months after his initiation of this appeal. Elementary rules of appellate review require that we therefore disregard all of his arguments that are related to his request for judicial notice. " 'It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal.' " (*Bhatt v. State Dept. of Health*

*Services* (2005) 133 Cal.App.4th 923, 933, quoting *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117.)[4]

Second, even if we were to consider the court's grant of Boisvert's request for judicial notice, it does not establish anything that Boisvert asserts. In its October 4, 2022 order denying his motion for reconsideration, the trial court merely granted Boisvert's request that it take judicial notice of the filings and records of the court referred to in the request, and nothing else. The court did *not* take judicial notice of any of Boisvert's factual contentions, including his brief, unsworn, hearsay[5] assertion that five times in the arbitration, the arbitrator "admitted *in his own words—'that we must hurry up with the arbitration proceedings before I forget the facts.*' " (Emphasis in the original.) Further, Boisvert fails to direct us to any court filing or record that he might claim shows the arbitrator's cognitive abilities were deficient, thereby waiving any such contention. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684 ["Because it is the Appellants' burden to affirmatively demonstrate error, they must provide citations to the appellate record directing the court to the evidence supporting each factual assertion," and the court "may . . . treat arguments that are not developed or supported by adequate citations to the record as waived"].)

---

[4] For this same reason, we also disregard any arguments Boisvert intends to make in reliance on his motion for reconsideration, although it is unclear that he does so.

[5] Evidence Code section 1200, subdivision (a) defines " '[h]earsay evidence' " as "evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated."

And regardless of whether Boisvert has identified any such court filings or records, it is also elementary that a court's judicial notice of court filings and records does *not* indicate its acceptance of the truth of hearsay asserted in those documents. Far from it. Courts "may take judicial notice of the *existence* of judicial opinions and court documents, along with the truth of the results reached—in documents such as orders, statements of decision, and judgments—but cannot take judicial notice of the truth of hearsay statements in decisions or court files, including pleadings, affidavits, testimony, or statements of fact." (*Williams v. Wraxall* (1995) 33 Cal.App.4th 120, 130, fn. 7, italics in original; *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 865 [" ' " 'a court *cannot* take judicial notice of *hearsay allegations* as being true, just because they are a part of a court record or file,' " ' " italics in original].)

Boisvert also asserts that he "testified" at the hearing on Vital's petition about the arbitrator's supposed cognitive deficiencies, without the Vital parties disputing his testimony. This too is incorrect. Boisvert represented himself at the hearing and made certain unsworn statements about the arbitrator's purported cognitive deficiencies in the course of doing so. All of these statements were argument, not testimony. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 413, fn. 11 ["It is axiomatic that the unsworn statements of counsel are not evidence"].) Here, the unsworn statements Boisvert made, acting as his own counsel, lack any evidentiary value and do not provide any meaningful support for his appellate arguments.

For each and all of these reasons, we reject Boisvert's arguments for reversal that are based on the arbitrator's purported cognitive deficiencies. Boisvert contends in scattershot fashion that the arbitrator, because of these purported deficiencies, was unable to remember or was confused or wrong about numerous things that caused him to err in multiple ways. Boisvert

asserts that in fact MGJV, LLC (which, again, he contends owned one of the construction projects involved in the dispute) and Kaso, LLC were two unrelated entities and MGJV, LLC was not a party to the arbitration or bound by the arbitration award; that he signed the relevant contracts on behalf of Kaso, LLC and not as an individual, and, therefore, held no personal liability; that fraud was barred by the relevant statute of limitations and contrary to case law, and punitive damages were inappropriate; that the relevant contract provided that " 'time was of the essence,' " entitling him to damages; that Kaso, LLC was entitled to damages because of the time required to manage the construction projects; and that "defendant" should have been awarded the lost sales price and opportunity costs.  None of these scattershot contentions and arguments is persuasive for the reasons that we have discussed.  Further, Boisvert fails to present a reasoned argument for reversal supported by sufficient citations to legal authority and the record for them, thereby waiving them.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [" ' "When an appellant . . . fails to support [a point] with reasoned argument and citations to authority, we treat the point as waived." ' "]; *Meridian Financial Services, Inc. v. Phan*, *supra*, 67 Cal.App.5th at p. 684.)

### 2. Boisvert's Other Arguments

As we have just discussed, Boisvert cannot rely on hearsay and unproven factual contentions in his request for judicial notice, nor rely on arguments that are not reasoned and not supported by sufficient citations to legal authority and the record.  Further, as we have also discussed, " 'an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties.' "  (*Bacall v. Shumway*, *supra*,

12

61 Cal.App.5th at p. 957, quoting *Moncharsh*, *supra*, 3 Cal.4th at p. 6.) Therefore, we also reject Boisvert's arguments—to the extent he intends them as independent of his "cognitive deficiencies" argument—that reversal is required because, as he also contended in his request for judicial notice, all of the contracts involved in the dispute were signed by Kaso, LLC and Vital Building; Kaso, LLC falsely asserted in the arbitration that it had completed 95 percent of construction for one of the projects contracted for; and Kaso, LLC and MGJV LLC were two unrelated entities.

As for Boisvert's argument that reversal is required because the trial court "violated time to file Motion for Reconsideration and prematurely signed Judgment," he appears to base this on his assertion in his request for judicial notice that the court prematurely filed its final judgment within the time allowed for his filing of objections to the court's proposed judgment (*not* the filing of a motion for reconsideration) in violation of California Rules of Court, rule 3.1590(j). But the trial court did not accept this argument as true either. In any event, Boisvert has waived this argument by his failure to explain why the court's supposed error requires reversal. (*Cahill v. San Diego Gas & Electric Co.*, *supra*, 194 Cal.App.4th at p. 956.) And even if we were to consider the argument, rule 3.1590(j) on its face applies only when the court has conducted a trial of questions of fact (rule 3.1590(a) ["On the trial of a question of fact by the court, the court must announce its tentative decision . . ."]), which did not occur in this case. Boisvert has not met his burden of explaining how the court's actions violated rule 3.1590(j) in light of this stated limitation. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 [the appellant has the burden to affirmatively show prejudicial error by presenting legal authority and factual analysis on each point].) For each and all of these reasons, this argument is also unpersuasive.

## III. DISPOSITION

The judgment is affirmed.  Respondents are awarded their costs of appeal.

STREETER, J.

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.